UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JOHN SCHNECKER,

      Plaintiff,

Case No. _____

v.

CITY OF BETHLEHEM,

      Defendants.

JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES, Plaintiff, John Schnecker, by and through his attorney, Sean L. Ruppert,

of Kraemer, Manes & Associates LLC, and files this complaint alleging as follows:

### I. Nature of the Action

Plaintiff brings this action under the Family and Medical Leave Act ("FMLA"), 29 §

U.S.C. 2601 *et. seq.*, the Americans with Disabilities Act ("ADA") 42 U.S.C §12101, & the Age

Discrimination in Employment Act ("ADEA") 29 U.S.C. § 62.

### II. Jurisdiction and Venue

1.      This action arises under the statutes cited in the preceding paragraph. This Court

has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331.

2.      Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or

omissions giving rise to the claims occurred in Eastern Pennsylvania, and, therefore, this action is

within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania

and the venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

3.      Plaintiff filed a timely charge with the Equal Employment Opportunity

Commission ("EEOC") regarding his allegations under the ADA & ADEA on October 24, 2018

under charge number 530-2017-03541. *See Exhibit 1.*

4.      Plaintiff was mailed Notice of Right to Sue from the EEOC on July 9, 2018. The Complaint has been filed within ninety (90) days of the Plaintiff's receipt, thus making this action timely. *See Exhibit 2.*

### III. Parties

5.      Plaintiff, John Schnecker, ("Plaintiff"), is an adult individual who currently resides at 1311 North Blvd., Bethlehem, PA 18017.

6.      Defendant, City of Bethlehem ("Defendant") is a corporation with a business address of 10 East Church Street, Bethlehem, PA 18018. The location where Plaintiff worked was 10 East Church Street, Bethlehem, PA 18018.

7.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

### IV. Facts

8.      Plaintiff is a fifty-six (56) year old man and is diagnosed with severe stress disorder, anxiety and depression.

9.      At all material times, Plaintiff was a "qualified individual" with a "disability" as those terms are defined by the Americans with Disabilities Act ("ADA").

10.     Plaintiff was hired by Defendant in June 1982, as a Utility Maintenance Supervisor.

11.     On May 25th, 2017, Plaintiff was presented with a 90-day Performance Improvement Plan.

12.     Defendant's other similarly-situated supervisors were not presented with a performance improvement plan.

13.     On or about June 6, 2017, Plaintiff began experiencing debilitating symptoms of anxiety and depression and informed Defendant of his need for leave.

14.     Plaintiff was initially cleared to return to work on June 21st, but during the course of his treatment, his physicians pushed that date back and did not clear him to return to work until August 7, 2017.

15.     Defendant was aware that Plaintiff's leave was medically necessary and related to, *inter alia*, several surgeries he had on his hand.

16.     Specifically, Plaintiff took time off for work for surgery on his hand on July 18, 2017 and again on August 1, 2017.

17.     Plaintiff duly provided Defendant with advance notice in every instance that he took time off from work.

18.     Two (2) other supervisors, who were similarly-situated to Plaintiff in all material respects except for his scheduled medical leave, were not placed on Performance Improvement Plans.

19.     The Performance Improvement Plan Plaintiff was placed on required improvement in six (6) highly complex areas, as well as significant amounts of specialized training and education.

20.     Despite the complexities that the Performance Improvement Plan imposed on Plaintiff, it was silent as to how the required training and education was to be obtained or paid for.

21.     On June 20, 2017, Plaintiff's previous counsel, Donald P. Russo, Esq., wrote to Defendant in order to explain, among other things:

   a.  That Defendant's imposition of a 90-day Performance Improvement Plan, which Defendant knew could not reasonably be completed by the deadline imposed because, *inter alia,* it conflicted with his scheduled medical leave was inherently unfair; and/or

   b.  That Defendant was subjecting Plaintiff to disparate treatment, at least as compared to two other supervisors, each of whom had levels of responsibility equivalent to his own but did not have performance improvement plans imposed upon them

22.    Plaintiff was terminated on July 31, 2017—the day before his scheduled hand surgery.

23.    Defendant never afforded Plaintiff a reasonable opportunity to complete its 90-day Performance Improvement Plan.

24.    Extending the Performance Improvement Plan deadline would have been a "reasonable accommodation" within the meaning of the ADA.

25.    Plaintiff was 55 years old when Defendant terminated his employment.

### V. Causes of Action

### COUNT I
### Retaliation in Violation of the FMLA

26.    All other paragraphs of this pleading are incorporated herein as if set forth at length.

27.    Defendant employed more than 50 people within a 75-mile radius of the worksite where Plaintiff worked.

28.    Plaintiff worked more than 1,250 hours for Defendant in the previous year prior to Defendants unlawfully terminating Plaintiff.

29.    Defendant terminated Plaintiff, in whole or in part, in retaliation for him exercising his lawful right to FMLA-protected leave, in violation of the FMLA.

30.     As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in his favor, and against the Defendants, and award all damages available at law and in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, pre-judgment and continuing interest, and any other relief that the Court deems necessary and proper.

## COUNT II
### Violation of the ADA
### (Discrimination, Failure to Accommodate, & Retaliation)

31.     All other paragraphs of this pleading are incorporated herein as if set forth at length.

32.     Defendant is an employer with the meaning of the ADA.

33.     Plaintiff is a qualified individual with a disability within the meaning of the ADA.

34.     As described in detail above, Plaintiff requested reasonable accommodations.

35.     Defendant did not engage in any meaningful interactive process with respect to Plaintiff's disability, and in doing so, failed to offer any reasonable accommodations.

36.     Defendant terminated Plaintiff's employment within a close temporal proximity of Plaintiff's request for reasonable accommodations.

37.     The foregoing facts state a claim for unlawful retaliation under the ADA because, *inter alia*: Plaintiff engaged in protected activity by asking Defendant for reasonable time off from work so that he could receive medically necessary treatment and by having his former counsel write to Defendant to explain that its 90 day Performance Improvement Plan was

unreasonable under the circumstances; Plaintiff suffered numerous adverse employment actions because of his protected activity, including without limitation, Defendant's failure to engage in a good faith interactive process, and Defendant's termination of his employment. Moreover, temporal proximity and the sequence of events show that his protected activity caused Defendant's adverse employment actions toward Plaintiff.

38.     Defendant's actions constitute violations of the ADA.

39.     As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered damages.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in his favor, and against the Defendants, and award all damages available at law and in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, pre-judgment and continuing interest, and any other relief that the Court deems necessary and proper.

## COUNT III
### Discrimination in Violation of the ADEA

40.     The averments contained in the preceding paragraphs are incorporated herein as though fully set forth at length.

41.     Defendant paid the Plaintiff to perform services, within the regular course of its business, in accordance with a regular payroll schedule. Defendant is therefore an employer, and the Plaintiff an employee, within the meaning of the ADEA.

42.     Plaintiff is over forty (40) years of age at all times relevant to this Complaint, and is of a protected class pursuant to the provisions of the ADEA.

43.     Plaintiff was fully qualified to do his job.

44.    Defendant engaged in unlawful discrimination in violation of the ADEA by discriminating against Plaintiff due to his age.

45.    Upon information and belief, Defendant replaced Plaintiff with a much younger employee only a few weeks after he was terminated; namely, Tobias Weaver who was approximately 30 years old at the time Plaintiff's job responsibilities were assigned to Mr. Weaver.

46.    The foregoing facts state a claim for age discrimination under the ADEA because, *inter alia*, Plaintiff was approximately 55 years old at the time he suffered adverse employment actions (including Defendant's ultimate termination of his employment), Plaintiff was qualified for his position (*e.g.*, Plaintiff dutifully served Defendantt as its employee for over 30 years), and within several weeks of his termination, Plaintiff was replaced by someone at least 20 years younger.

47.    Plaintiff believes, and therefore avers, that he was demoted on the basis of his age in violation of the ADEA.

48.    Plaintiff suffered damages that are the direct and proximate cause of Defendant's unlawful actions.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in his favor, and against the Defendants, and award all damages available at law and in equity, including: lost wages, front pay, compensatory damages, punitive damages, court costs, attorney fees, pre-judgment and continuing interest, and any other relief that the Court deems necessary and proper.

Respectfully Submitted,

Sean L. Ruppert, Esq.
Pa. ID. No. 314380
**KRAEMER, MANES &**
**ASSOCIATES, LLC**
1628 JFK Blvd., Suite 1650
Philadelphia, PA 19103
215.457.3516 (p)
215.449.3369 (f)
sr@lawkm.com

*Attorney for Plaintiff*

# EXHIBIT 1



KRAEMER, MANES & ASSOCIATES LLC

BUSINESS | EMPLOYMENT | LITIGATION

1515 Market Street
Suite 1200
Philadelphia, PA 19102
Office: (412) 626-5626
www.lawkm.com

ANTHONY GILETTO
ATTORNEY AT LAW
Direct: (215) 475-3516
ag@lawkm.com

October 24, 2017

**Via Fax (215 440 2606) and U.S. Mail**
Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107

**Re:    John Schnecker – Charge of Discrimination**

Dear Sir/Madam:

Please accept the enclosed as a Charge of Discrimination on behalf of Charging Party, John Schnecker, to be dual filed with the PHRC immediately. Please enter my appearance and contact me if you have any questions or need any further information to process this intake. Thank you for your attention to this matter.

Best regards,

Anthony Giletto, Esq.

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**John Schnecker,**

    Charging Party,               EEOC Charge No. _____

    v.

**City of Bethlehem,**

    Respondent.

### CHARGE OF DISCRIMINATION

1. I am the Charging Party, John Schnecker. Contact information for myself and my legal

counsel is below:

| | |
|---|---|
| **John Schnecker** | **Anthony Giletto, Esq.** |
| 1311 North Blvd. | KRAEMER, MANES & ASSOCIATES LLC |
| Bethlehem, PA 18017 | 1515 Market Street, Suite 1200 |
| Phone: (484) 554-2996 | Philadelphia, PA 19102 |
| | Direct: (215) 475-3516 |
| | AG@lawkm.com |

2. I am a resident of Pennsylvania and was over age 40 at all material times.

3. At all material times, I was a "qualified individual" with a "disability" as those terms are defined by the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA").

4. Respondent is the City of Bethlehem, 10 East Church Street, Bethlehem, PA 18018.

5. I was hired by Respondent in June 1982, as a Utility Maintenance Supervisor.

6. On May 25th, 2017, I was presented with a 90-day Performance Improvement Plan.

7. Other similarly-situated supervisors were not presented with a performance improvement plan.

8. On or about June 6, 2017 I began experiencing debilitating symptoms of anxiety and depression and had to call out sick.

9. After consulting with my treating physicians, I was initially cleared to return to work on June 21st, but during the course of my treatment, my physicians pushed that date back and did not clear me to return to work until August 7, 2017.

10. Respondent was aware that my leave was medically necessary and related to, *inter alia*, several surgeries I had on my hand.

11. Specifically, I took time off for work for surgery on my hand on July 18, 2017 and again on August 1, 2017.

12. In every instance that I took time off from work, I duly provided Respondent with advance notice.

13. Two other supervisors, who were similarly-situated to myself in all material respects except for my scheduled medical leave, were not placed on Performance Improvement Plans.

14. The Performance Improvement Plan I was placed on required improvement in six (6) highly complex areas, as well as significant amounts of specialized training and education.

15. Despite the complexities that the Performance Improvement Plan imposed on myself, it was silent as to how the required training and education was to be obtained or paid for.

16. On June 20, 2017 my previous counsel, Donald P. Russo, Esq., wrote to Respondent in order to explain, among other things:

    a. That Respondent's imposition of a 90-day Performance Improvement Plan, which Respondent knew could not reasonably be completed by the deadline imposed because, *inter alia*, it conflicted with my scheduled medical leave was inherently unfair; and/or

    b. That Respondent was subjecting me to disparate treatment, at least as compared to two other supervisors, each of whom had levels of responsibility equivalent to my own but did not have performance improvement plans imposed upon them.

17. I was terminated on July 31, 2017—the day before my scheduled hand surgery.

18. Respondent never afforded me a reasonable opportunity to complete its 90-day Performance Improvement Plan.

19. Extending the Performance Improvement Plan deadline would have been a "reasonable accommodation" within the meaning of the ADA and PHRA. and Respondent's

20. I was 55 years old when Respondent terminated my employment.

21. Upon information and belief, Respondent replaced me with a much younger employee only a few weeks after I was terminated; namely, Tobias Weaver who was approximately 30 years old at the time my job responsibilities were assigned to him.

22. A plaintiff may state a claim for age discrimination under the ADEA by alleging that he: (1) is over forty, (2) is qualified for the position in question, (3) suffered an adverse employment action, and (4) his or her replacement was sufficiently younger to permit a reasonable inference of age discrimination. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 247 (3d Cir. 2006).

23. The foregoing facts state a claim for age discrimination under the ADEA because, *inter alia*, I was approximately 55 years old at the time I suffered adverse employment actions (including Respondent's ultimate termination of my employment), I was qualified for my position (*e.g.*, I dutifully served Respondent as its employee for over 30 years), and within several weeks of my termination, I was replaced by someone at least 20 years younger.

24. Under both the ADA and PHRA, a plaintiff may establish a *prima facie* case of disability discrimination by alleging that he or she: (1) has a 'disability,' (2) is a 'qualified individual,' and (3) has suffered an adverse employment action because of that disability." *See Turner v. Hershey Chocolate*, 440 F.3d 604, 611 (3d Cir. 2006).

25. Under both the ADA and PHRA, an employer must engage in an interactive process when an employee makes a request for reasonable accommodations although such employee need not invoke any 'magic words' to trigger the employer's obligation. *See Taylor v. Phoenixville School District*, 184 F.3d 296, 313 (3d Cir. 1999).

26. The foregoing facts state a claim for disability discrimination because, *inter alia*, I was qualified and able to perform the essential functions of my position, with or without accommodation (*see also* ¶ 23, *supra*); the "trigger finger" condition (for which I required surgery) substantially limited a major life activity; I was "regarded as" having a disability by Respondent; and I suffered numerous adverse employment actions because of my disability (real or perceived), including without limitation, Respondent's failure to engage in a good faith interactive process and Respondent's termination of my employment.

27. Under both the ADA and the PHRA, a plaintiff may state a *prima facie* case for unlawful retaliation by alleging: "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *See Krause v. American Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).

28. The foregoing facts state a claim for unlawful retaliation under the ADA and PHRA because, *inter alia*: I engaged in protected activity by asking Respondent for reasonable time off from work so that I could receive medically necessary treatment and by having my former counsel write to Respondent to explain that its 90 day Performance

Improvement Plan was unreasonable under the circumstances; I suffered numerous adverse employment actions because of my protected activity, including without limitation, Respondent's failure to engage in a good faith interactive process, and Respondent's termination of my employment. Moreover, temporal proximity and the sequence of events show that my protected activity caused Respondent's adverse employment actions toward me.

29. Respondent unlawfully discriminated against me because of my age.

30. Respondent unlawfully discriminated against me because of a disability (real or perceived).

31. Respondent unlawfully retaliated against me for seeking reasonable disability accommodations.

32. I request that the EEOC investigate this Charge of discrimination.

33. I request that this Charge of discrimination be dual-filed with the Pennsylvania Human Relations Commission ("PHRC").

34. I accept mediation for this Charge.

I declare under penalty of perjury that the above statements are true and correct.  In addition, I also verify that the above statements are true and correct, and I understand that the above statements are also made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

John Schnecker

Date: 10/20/17

# EXHIBIT 2

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **John Schnecker**<br>**1311 North Blvd**<br>**Bethlehem, PA 18017** | From: **Philadelphia District Office**<br>**801 Market Street**<br>**Suite 1300**<br>**Philadelphia, PA 19107** |

☐  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2017-03541** | **Legal Unit,**<br>**Legal Technician** | **(215) 440-2828** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[X]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson*

**Jamie R. Williamson,**
**District Director**

Jul 9, 2018
*(Date Mailed)*

Enclosures(s)

cc:  **Suzanne McDonough**
**Attorney**
**Holsten & Associates**
**One Olive Street**
**Media, PA 19063**

**Anthony Giletto**
**KRAEMER, MAINES AND ASSOCIATES LLC**
**1515 market Street**
**Suite 1200**
**Phila, PA 19102**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| JOHN SCHNECKER | CITY OF BETHLEHEM |

| **(b)** County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant _____ |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Sean Ruppert, Esq. - Kraemer, Manes & Associates LLC 1628 JFK Blvd., Suite 1650, Philadelphia, PA 19103 215-475-3516 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☒ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from Another District *(specify)*

☐ 6  Multidistrict Litigation - Transfer

☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 § U.S.C. 2601 et. seq. & 42 U.S.C §12101 & 29 U.S.C. § 62.

Brief description of cause:
FMLA & ADA & ADEA

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P. | **DEMAND $** | CHECK YES only if demanded in complaint: JURY DEMAND:   ☒ Yes   ☐ No |
|---|---|---|---|

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*       JUDGE _____       DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 8/28/2018 | |

**FOR OFFICE USE ONLY**

| RECEIPT # _____ | AMOUNT _____ | APPLYING IFP _____ | JUDGE _____ | MAG. JUDGE _____ |
|---|---|---|---|---|

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)　Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)　County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)　Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.　Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.　Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.　Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.　Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.　Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553　Brief Description: Unauthorized reception of cable service

**VII.　Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.　Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1311 North Blvd., Bethlehem, PA 18017.

Address of Defendant: 10 East Church Street, Bethlehem, PA 18018 &

Place of Accident, Incident or Transaction: 10 East Church Street, Bethlehem, PA 18018

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?　Yes ☐　No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?　Yes ☐　No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?　Yes ☐　No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?　Yes ☐　No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/28/2018 _____　_____ Attorney-at-Law / Pro Se Plaintiff　314380 Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.　Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☒ 11. All other Federal Question Cases
  *(Please specify):* FMLA & ADA & ADEA

**B.　Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Sean Ruppert, Esq. _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 8/28/2018 _____　_____ Attorney-at-Law / Pro Se Plaintiff　314380 Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:  1311 North Blvd., Bethlehem, PA 18017.

Address of Defendant:  10 East Church Street, Bethlehem, PA 18018 &

Place of Accident, Incident or Transaction:  10 East Church Street, Bethlehem, PA 18018

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/28/2018 _____  _____   314380 _____
                          *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☒ 11. All other Federal Question Cases
    *(Please specify):* FMLA & ADA & ADEA

**B.**  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Sean Ruppert, Esq. _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 8/28/2018 _____  _____   314380 _____
                          *Attorney-at-Law / Pro Se Plaintiff*         *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

JOHN SCHNECKER                     :            CIVIL ACTION
                                   :
                    v.             :
                                   :
                                   :
CITY OF BETHLEHEM                  :            NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           ( X )

| | | |
|---|---|---|
| 8/28/2018 | Sean Ruppert | JOHN SCHNECKER |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-475-3516 | 215-449-3369 | SR@LawKM.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 – Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.